**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **Brayan Feliz Polanco,** | |
| *Petitioner,* | **Case No. 2:26-cv-00122-JDW** |
| v. | |
| **J.L. Jamison, in his official capacity as Warden, Federal Detention Center, Philadelphia** *et al.*, | |
| *Respondents.* | |

**MEMORANDUM**

A losing argument is not necessarily an unjustifiable one. Brayan Feliz Polanco prevailed over the Government in an action challenging his detention in immigration custody. Now, Mr. Polanco seeks attorneys' fees under the Equal Access to Justice Act, claiming that the Government's position before and during litigation was not substantially justified. But as long as the Government had a reasonable basis in law and fact for its legal theory, it does not owe attorneys' fees to the prevailing party. I held that the Government was wrong, but it didn't lack a substantial justification, so i will deny Mr. Polanco's motion according to the following analysis.

## I.     BACKGROUND

Mr. Polanco is a native of the Dominican Republic. On January 5, 2026, U.S. Immigration and Customs Enforcement agents arrested and detained Mr. Polanco while

he attended a routine check-in in Philadelphia. At the time he filed his Petition, he had not received a bond hearing. Mr. Polanco filed a habeas petition on January 8, 2026. The Government filed a letter brief in opposition on January 12, 2026. I granted Mr. Polanco's petition the same day. I ordered the Government to release Mr. Polanco from custody immediately, and it did so.

On April 10, 2026, Mr. Polanco filed a Motion for an award of attorneys' fees under the Equal Access to Justice Act. That Motion is ripe.

## II.    LEGAL STANDARD

Under the EAJA, I shall award fees and expenses to a prevailing party other than the United States, "[...] unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). The Third Circuit recently clarified that federal immigration habeas challenges are considered civil actions under the EAJA. *See Michelin v. Warden Moshannon Valley Corr. Ctr.*, 169 F.4th 418, 432 (3d Cir. 2026).

The Government bears the burden of proving its position was substantially justified. *See id.* at 433. "To satisfy this burden and defeat a prevailing party's application for fees, the government must... demonstrat[e] (1) a reasonable basis in truth for the facts alleged; (2) a reasonable basis in law for the theory it propounded; and (3) a reasonable connection between the facts alleged and the legal theory advanced." *Id.* (citations omitted). In immigration cases, the Third Circuit requires the Government to "[...] meet

2

the substantially justified test twice: once for its underlying conduct and once for its decisions in the ensuing litigation about that conduct." *Id.* (quotation omitted). I "[...] do not assume the position of the Government was not substantially justified simply because it lost." *Id.* "In determining whether the government's position is 'substantially justified,' [courts] consider that position in relation to the law as it stood at the time that the district court originally resolved the merits of the case." *Dennis v. Heckler*, 756 F.2d 971, 974 n.7 (3d Cir. 1985) (citation omitted). *See also Bowey v. West*, 218 F.3d 1373, 1377 (Fed. Cir. 2000).

### III.    ANALYSIS

The Government does not dispute that Mr. Policano is the prevailing party in this case. Nor does it argue that any special circumstances make the award of fees unjust. Instead, its argument focuses on the substantial justification of its position. Though I ruled against it, both its underlying conduct and its litigation positions were substantially justified.

*First*, the Government's underlying conduct was substantially justified. When the Government detained Mr. Polanco without a bond hearing, it acted in accord with the Board of Immigration Appeals' recent decision holding that immigration courts cannot conduct bond hearings for noncitizens detained under § 1225(b). *See Matter of Hurtado*, 29 I. & N. Dec. 216 (B.I.A. 2025). At that time, it had a reasonable basis for its conduct in

fact and law, as well as a reasonable connection between the facts of this case and the legal theory it advanced. *See Michelin*, 169 F.4th at 433.

*Second*, the Government's decisions in this case were substantially justified.[1] The legal theory it advanced had support from the recent BIA decision and other district court judges. *See Hurtado,* 29 I. & N. Dec. at 216; *Vargas Lopez v. Trump*, No. 25-526, 2025 WL 2780351 (D. Neb. Sept. 30, 2025); *Chavez v. Noem*, No. 25-2325, 2025 WL 2730228, at *5 (S.D. Cal. Sept. 24, 2025). Though these cases may have represented a minority view, they provide support for the Government's position.  And my own experience analyzing this statute demonstrates that it is not a model of clarity, which lends further support to the Government's position.

Mr. Polanco argues that "[c]ourts evaluating substantial justification consistently hold that where the Government persists in a position that has been repeatedly rejected by controlling or persuasive authority, its conduct is not reasonable in law or facts." (ECF No. 8 at 5.) But Mr. Polanco fails to cite any case to support this assertion. In any event, when I decided this case, the statutory question was pending in the Third Circuit, and it remains pending. *See Lopes De Andrade v. Director Philadelphia Field Office Immigration*

---

[1] Both Parties point me to decisions that came after my decision in this case to argue about what was substantially justified. For example, Mr. Polanco cites decisions from this court in March 2026. (*See* ECF No. 8 at 7.) And the Government cites decisions from the Fifth and Eighth Circuits (*See* ECF No. 11 at 6.) None of those cases bears on whether the Government's position was substantially justified at the time that it took that position in this case.

and Customs Enforcement, et al., No. 26-1454 (3d Cir.); Buele Morocho v. Warden Philadelphia FDC, et al., No. 26-1150 (3d Cir.). So there was no controlling authority, there were a minority of cases adopting the Government's interpretation, and the statute itself is a bit puzzling in its language. Given all this, the Government's litigation strategy was reasonable in law and substantially justified.

Some of my colleagues have reached the same conclusion in similar cases. See Order, Meireles De Oliveira v. Jamison, No. 2:26-cv-1246, (E.D. Pa. Apr. 7, 2026) (ECF No. 15); Jacinto Salas v. Jamison, 2026 WL 1382583 at *1 (E.D. Pa. May 15, 2026); Moreno Ramirez v. Jamison, 2026 WL 2019559, at *1 (E.D. Pa. July 13, 2026). Judge Leeson's decision in Moreno Ramirez v. Jamison catalogues other district court decisions within the Third Circuit finding the Government's position on § 1225(b)(2) to be substantially justified. See Moreno Ramirez, 2026 WL 2019559, at *2 n.4. I agree with these decisions.

## IV.    Conclusion

Mr. Polanco is not entitled to attorneys' fees under the EAJA, as the Government's underlying conduct and litigation strategy was substantially justified. Thus, I will deny his motion. An appropriate Order follows.

**BY THE COURT:**

*/s/ Joshua D. Wolson*
JOSHUA D. WOLSON, J.

August 3, 2026